SUMMARY ORDER
Plaintiffs-appellants, Louis Diaz, Gregory Korniloff, and Jack Toal, former special agents of the New York office of the United States Drug Enforcement Administration (the “DEA”), appeal the February 14, 2008, 536 F.Supp.2d 337, Decision and Order of the United States District Court for the Southern District of New York (McMahon, J.), granting defendant-appellee, NBC Universal’s motion to dismiss plaintiffs-appellants’ complaint.[1]
Appellants filed the complaint on behalf of themselves and as representatives of a class of approximately 400 present and former special agents of the federal DEA who were employed at some time during the period from 1973 through 1985. They alleged, in pertinent part, that a legend (the “Legend”) appearing at the end of the feature film American Gangster (the “Film”), which both describes itself as based on a true story and as a fictionalized version of events, defamed Diaz, Korniloff, and Toal, and all members of their putative class. The legend in question stated that the “collaboration” of Richard Roberts, a New Jersey police officer, and Frank Lucas, a major narcotics trafficker in the New York City area, “led to the convictions of three quarters of New York City’s Drug Enforcement Agency.” We assume the parties’ familiarity with all the other underlying facts, procedural history, and specification of issues for review.
“This Court reviews de novo a district court’s grant of a motion to dismiss pursu *96 ant to Federal Rule of Civil Procedure 12(b)(6).” PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1197 (2d Cir.1996). As a threshold, and constitutional, matter, a plaintiff alleging defamation must demonstrate that the allegedly defamatory statement was “of and concerning” him or her. See, e.g., New York Times Co. v. Sullivan, 376 U.S. 254, 288-90, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Gross v. Cantor, 270 N.Y. 93, 96, 200 N.E. 592 (N.Y.1936). Under the group hbel doctrine, a plaintiffs claim is insufficient if the allegedly defamatory statement referenced the plaintiff solely as a member of a group, unless the plaintiff can show that the circumstances of the publication reasonably give rise to the conclusion that there is a particular reference to the plaintiff. See New York Times, 376 U.S. at 288-89, 84 S.Ct. 710; Algarin v. Town of Wallkill, 421 F.3d 137, 139 (2d Cir.2005).
Appellants cannot make this showing. In arriving at this conclusion, we first note that the “group” defined by the Legend is New York City’s DEA in its entirety. See Brady v. Ottaway Newspapers, Inc., 84 A.D.2d 226, 237, 445 N.Y.S.2d 786 (N.Y.App.Div.1981) (“Initially, the group to which the allegedly defamatory comment refers must be isolated by the standards set forth or implied in the comment.”). In view of the large size of this group (consisting of 400 individuals, or even potentially 233, as appellants characterized the group post-complaint), and that the Legend makes reference only to three-quarters of the group, i.e., “some” of its members, appellants’ claim is incapable of supporting a jury’s finding that the allegedly libelous statements refer to them as individuals. See Algarin, 421 F.3d at 139-40. And the storyline of the Film only strengthens this conclusion since several scenes, vignettes, and voiceovers describe the corrupt officers portrayed as members of the Special Investigations Unit (the “SIU”), which the Film indicates, and appellants conceded below, is a unit of the New York City Police Department (the “NYPD”), a non-federal entity.
For many of the same reasons, we affirm the district court’s dismissal of appellants’ belated small group libel claim. Appellants argue that even if the group hbel doctrine bars the hbel claim of the 400 (or 233) agents, they are able to sustain their hbel claim on behalf of the DEA team of nine that searched Lucas’s home in 1975. By seeking to limit the group referenced in the Legend to the nine-member search team, appellants arguably seek to do just what Brady prohibits, i.e., they seek to define the group by standards outside the comment. See Brady, 84 A.D.2d at 237, 445 N.Y.S.2d 786 (“Imputation to the plaintiff will be evaluated in relation to the group as defined by the comment and not by the plaintiffs relationship to a smaller subset of the group defined.” (citations omitted)). In any event, we conclude that the Legend cannot support a finding that the Legend is of and concerning the individual members of this nine-member team because appellants conceded that the individuals conducting the search were portrayed as members of the NYPD’s SIU, and the dialogue during the search explicitly distinguishes the individuals conducting the search from “the Feds.” The bare and brief reference to the Superfly article in the final credits of the Film does not change this outcome.
We have considered appellants’ other arguments and have found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

. Plaintiffs have not argued on appeal that the district court erred in denying their application for injunctive relief, and accordingly we deem that claim for relief abandoned. See Keefe v. Shalala, 71 F.3d 1060, 1066 n. 2 (2d Cir. 1995). Nor do plaintiffs appeal the dismissal of their causes of action for emotional distress.